# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MOSES KIRSCHKE,

        Petitioner,        Case Number: 2:10-CV-10229

v.        HON. MARIANNE O. BATTANI

JOHN PRELESNIK,

        Respondent.
                                            /

## ORDER

**(1) GRANTING PETITIONER'S "MOTION TO AMEND MOTION FOR APPOINTMENT OF COUNSEL," "MOTION TO EXPAND THE RECORD," AND "MOTION FOR EXTENSION OF TIME";**

**(2) DENYING PETITIONER'S "MOTION FOR APPOINTMENT OF COUNSEL" WITHOUT PREJUDICE; AND**

**(3) DENYING PETITIONER'S "MOTION FOR EVIDENTIARY HEARING" AND "MOTION TO STRIKE"**

Petitioner Moses Kirschke, a state inmate under the custody of the Michigan Department of Corrections, filed a *pro se* petition for a writ of habeas corpus. He challenges his conviction for armed robbery, for which he is serving a sentence of 25 to 40 years' imprisonment. Now before the Court are six motions filed by Petitioner.

Petitioner filed a Motion for Appointment of Counsel and a Motion to Amend Motion for Appointment of Counsel. The Court will grant the Motion to Amend Motion for Appointment of Counsel. With regard to Petitioner's request for counsel, there exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987)

("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines after careful consideration that the interests of justice do not require appointment of counsel at this time, and will deny the motion without prejudice.

Next, Petitioner filed a Motion to Expand the Record. He seeks to expand the record to include an affidavit in support of his claim that his custodial statements should have been suppressed. Rule 7, Rules Governing Section 2254 Cases, allows for expansion of the record in habeas corpus proceedings as follows:

> (a) If the petition is not dismissed summarily the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition.
>
> (b) The expanded record may include, without limitation, letters predating the filing of the petition in the district court, documents, exhibits, . . . Affidavits may be submitted and considered as part of the record.

Rule 7, Rules Governing Section 2254 Cases.

To date, Respondent has not filed a response to the Motion to Expand the Record. The Court determines that the affidavit Petitioner seeks to have included as part of the record may have marginal relevance to addressing the merits of the habeas corpus petition, and, therefore, shall grant the motion.

Petitioner also filed a Motion for Evidentiary Hearing. Rule 8, Rules Governing Section 2254 Cases in the United States District Courts states, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge must review the answer, any transcripts and records of state-court proceedings,

and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

*See* Rule 8, Rules Governing Section 2254 Cases. Having reviewed the relevant documents, the Court finds that an evidentiary hearing is not required for a fair adjudication of the petition.

Next, Petitioner filed a Motion for Extension of Time to file a reply brief. The Court's Order Requiring Responsive Pleading permitted the petitioner 45 days from the filing of a responsive pleading to file a reply. The petitioner requests an additional 120 days. After careful consideration, the Court determines that Petitioner's Motion will be granted.

Finally, Petitioner has filed a Motion to Strike Respondent's Answer in Opposition to Petition for Writ of Habeas Corpus. Federal Rule of Civil Procedure 12(f) authorizes a district court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and infrequently granted:

> [T]he action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice.

*Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted); *Cronovich v. Dunn*, 573 F. Supp. 1330, 1338 (E.D. Mich. 1983). The Court finds that Respondent's Answer does not present any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter" so as to warrant striking the Answer under Fed. R. Civ. P. 12(f). Therefore, this Court shall deny Petitioner's Motion.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Amend Motion for Appointment of Counsel" [dkt. # 9], "Motion to Expand the Record" [dkt. # 4], and "Motion for Extension of Time" [dkt. # 19] are **GRANTED**.

3

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Appointment of Counsel" [dkt. # 3] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Evidentiary Hearing" [dkt. #5] and "Motion to Strike" [dkt. # 20] are **DENIED**.

                s/Marianne O. Battani
                MARIANNE O. BATTANI
                UNITED STATES DISTRICT JUDGE

Dated: September 16, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail and Counsel for the Respondent, electronically.

                s/Bernadette M. Thebolt
                Case Manager