UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSES KIRSCHKE,

    Petitioner,

v.

          CASE NO. 2:10-CV-10229
          HONORABLE MARIANNE O. BATTANI
          UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

    Respondent.
_____/

## ORDER

**(1) GRANTING PETITIONER'S "MOTION TO AMEND PETITIONER'S REPLY BRIEF TO RESPONDENT'S ANSWER IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS," [dkt. # 26]**

**(2) DENYING PETITIONER'S "MOTION FOR SUMMARY JUDGMENT," [dkt. #28]**

Petitioner Moses Kirschke, a state inmate under the custody of the Michigan Department of Corrections, filed a pro se petition for a writ of habeas corpus. He challenges his conviction for armed robbery, for which he is serving a sentence of 25 to 40 years' imprisonment. Now before the Court are two motions filed by Petitioner.

Petitioner filed a motion to amend his reply brief. The decision to grant or deny a motion to amend is within the discretion of the Court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). The Court will permit Petitioner to amend his reply brief. Petitioner appears to have already filed his amended reply brief on November 8, 2010. The

1

amended brief will not cause any delay to this Court nor is there any evidence of bad faith on Petitioner's part or prejudice to Respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Accordingly, the Court will permit Petitioner to amend his reply briefs and will consider his November 8, 2010, filings when it adjudicates Petitioner's claims.

Petitioner also filed a motion for summary judgment. Petitioner claims that he filed two petitions for writs of habeas corpus concerning two sets of convictions and that Respondent's answer only addresses the present habeas petition. A search of the court records fails to reveal the existence of another habeas petition filed by Petitioner with the Court.

In any event, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman*, 221 F. 3d 846, 851 (6th Cir. 2000)(quoting FED. R. CIV. PROC. 56(c)). The summary judgment rule applies to habeas proceedings. *Harris v. Stegall*, 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001). However, a federal district court should not enter a summary judgment in a habeas case if the pleadings or papers present a genuine issue of fact or law. *United States ex. rel. Johnson v. De Robertis*, 718 F. 2d 209, 211 (7th Cir. 1983). Respondent's answer challenges the claims raised in the petition and shows sufficient disagreement based upon case law and sound legal reasoning that summary judgment is not appropriate. Thus, the Court shall deny this motion.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion to Amend Petitioner's Reply Brief to Respondent's Answer in Opposition to Petition for Writ of Habeas Corpus," [dkt. # 26] is **GRANTED.**

**IT IS FURTHER ORDERE**D That Petitioner's "Motion for Summary Judgment," [dkt. # 28] is **DENIED.**

          s/Marianne O. Battani
          **HONORABLE MARIANNE O. BATTANI**
          **UNITED STATES DISTRICT JUDGE**

**Dated:** February 3, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail, and counsel for the Respondent electronically.

          s/Bernadette M. Thebolt
          Case Manager